UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEE PATRICK JOHNSON,

              Plaintiff,

    v.

MICHAEL ALLEN, et al.,

              Defendants.

CASE NO. C17-389-JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Lee Patrick Johnson is currently confined at the Maleng Regional Justice Center in Kent, WA. On March 14, 2017, he filed a civil rights complaint. Dkt. 4. The Court declined to serve the complaint because it is deficient. Instead, the Court ordered plaintiff to show cause, by filing an amended complaint no later than April 16, 2017, why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 5. Plaintiff has yet to file an amended complaint. Thus, there is no viable complaint in this matter and no defendants have been served.

On March 21, 2016, plaintiff filed a "Memorandum of Law," "Notice of Declaration in Support of Preliminary Injunction and TRO," and "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order," (collectively, "Motion for Preliminary Injunction and TRO," or "motion"). Dkts. 6, 7. Plaintiff's motion seeks to enjoin "the

REPORT AND RECOMMENDATION - 1

defendants, their successors in office, angents and employees and all other persons acting in concert and participation with them, from making copies, delaying, censoring and distributing copies of [his] mail to the prosecutor and any other public/private person or entity," pending a hearing on a preliminary injunction. Dkt. 7 at 2.

No defendants have been served with this motion. The undersigned recommends that the motion be **DENIED**.

## DISCUSSION

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and

2) the [movant] certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff fails to meet these requirements. Plaintiff's motion repeats some of the allegations in his original complaint, but the deficiencies identified in the Court's Order Declining Service and Granting Leave to Amend, Dkt. 5, have not been cured. Most importantly, plaintiff has failed to affirmatively link the conduct of each named defendant with specific injuries he alleges he suffered, and vice versa. *See* Dkt. 5. The Court has already cautioned plaintiff that conclusory allegations that a defendant or a group of defendants have injured plaintiff or violated a constitutional right are not acceptable and will be dismissed. *Id.*

As no viable complaint has been filed in this action and no potential defendant or defendants have been served with this motion, the Court lacks authority to issue injunctive relief against the defendants named in plaintiff's complaint.[1]

**CONCLUSION**

The undersigned recommends that the Plaintiff's Motion for Preliminary Injunction and TRO (Dkts. 6-7) be **DENIED.**  A proposed Order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **Thursday, April 20, 2017**.  The Clerk should note the matter for **Monday, April 24, 2017** as ready for the Court's consideration.  Objections shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 23rd day of March, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] Plaintiff may file a motion for temporary restraining order after the Court has determined that he has filed a viable § 1983 complaint and defendants are served with the complaint. However, plaintiff should keep in mind that issues raised in any such motion must be related to the issues raised in his amended complaint and he must establish the following:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

REPORT AND RECOMMENDATION - 3