UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEE PATRICK JOHNSON,

              Plaintiff,

v.

MICHAEL ALLEN,

              Defendant.

CASE NO. C17-389-JLR-BAT

**REPORT AND RECOMMENDATION**

Pro se plaintiff Lee Patrick Johnson, who is currently confined at the Maleng Regional Justice Center in Kent, WA, filed a 28 U.S.C. § 1983 prisoner civil rights complaint for alleged mishandling of his mail. Dkt. 4. The Court declined to serve the complaint because it was deficient, but granted leave for the filing of an amended complaint. Dkt. 5. Plaintiff filed an amended complaint on April 18, 2017. Dkt. 15. For the reasons discussed below, the undersigned recommends that plaintiff's complaint be **SERVED** on defendants Sgt. Michael Allen, Captain Cline, and Deputy Prosecuting Attorney Joseph Marchesano with respect to his claims concerning his letter mailed on May 10, 2016 to Freda Hayes, described in his original complaint, but that all other claims and all other defendants be **DISMISSED** without prejudice from this lawsuit. If the Court adopts this Report and Recommendation, the Court further recommends re-referring this matter to the undersigned for further proceedings.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A    Claims**

Plaintiff's original complaint focused on the handling of three pieces of mail. The first plaintiff characterized as a "love letter" to Freda Hayes, the mother of his daughter, mailed on May 10, 2016. Dkt. 4 at 3. Plaintiff asserted the "mail room" opened this letter, made copies, and sent those copies to the Deputy Prosecuting Attorney ("DPA") in a pending criminal case, who then filed the letter in that case. *Id.* The second letter plaintiff described as one sent to the pastor at Cedar Bridge Church, and the third was a letter sent to the King County Housing Authority. *Id.* Plaintiff's original complaint concluded these other two letters were "likely" taken and copied by the DPA, based upon the fact that the letters were returned to him opened and/or marked undeliverable. Dkt. 4 at 3. The Court's Order Declining Service with Leave to Amend found plaintiff's allegations with respect to the second and third letters failed to allege facts and instead relied on pure speculation. Dkt. 5 at 4. The Court therefore ordered plaintiff to file an amended complaint supporting his allegations with facts sufficient to state a claim for relief by clearly identifying the alleged constitutional violation, linking those violations to specific defendants, and providing sufficient factual support beyond mere speculation. *Id.* at 5.

Plaintiff's amended complaint fails to clarify the facts supporting his allegations concerning the second and third letters at issue. *See* Dkt. 15. At best, the amended complaint renews plaintiff's claims, asserted in his grievances, that his mail has been copied, delayed, and distributed to the DPA. *See* Dkt. 15 at 10-11. And although plaintiff attempts to explain why his efforts at exhausting his administrative remedies with respect to these two letters have been futile, his claims must fail because he omits any facts showing his mail was in fact intentionally delayed or distributed to any third party. An entitlement to relief requires factual support that

goes beyond "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). A claim upon which the court can grant relief has facial plausibility, that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As plaintiff's amended complaint with respect to his second and third letters (and any other mail) fails to meet these standards, the Court recommends these claims be **DISMISSED**.

Plaintiff's amended complaint alludes to, without specifically identifying, the letter mailed on May 10, 2016 to Freda Hayes, described in his original complaint. *See* Dkt. 15 at 3 (referencing June 2016 grievances exhibited with original complaint and addressed in the Court's Order Declining Service with Leave to Amend, Dkt. 5 at 5). Plaintiff asserts constitutional violations of his First, Fourth, Fifth, and Fourteenth Amendment rights, and harms in the form of "incalculable damage to [his] pending criminal case due to the use of [his] mail without proper search warrant processes" and "public embarrassment and humiliation." *See, e.g.,* Dkt. 15 at 4. The Court therefore reads the amended complaint to preserve his claim that this outgoing correspondence was improperly "opened, copied, and distributed" to the DPA in his pending criminal case, who then "entered" it in that case and used it to "coerce" the alleged victim in that case to testify against him. *See* Dkt. 4 at 3; Dkt. 15 at 12. The inspection of a prisoner's outgoing mail is limited by the First Amendment. *Procunier v. Martinez,* 416 U.S. 396, (1974), *overruled on other grounds by Thornburgh v. Abbott,* 490 U.S. 401 (1989). Plaintiff's complaint pleads facts alleging that the jail inspected and distributed this correspondence, and he has thus stated a cognizable claim for relief. Based upon the facts before it, however, the Court finds it is unable to review this case without input from defendants in the form of a motion to dismiss or an

Answer.  The Court thus recommends this claim be **SERVED** upon the limited defendants identified below.

If plaintiff believes his amended complaint contains claims not discussed in this Report and Recommendation, he must file a second amended complaint that conforms to the filing requirements set forth in Fed. R. Civ. P. 15 and Local Civil Rule 15.  Plaintiff is again cautioned that any further amendments must present clear statements of **all** of his claims with sufficient factual detail so that the Court may determine whether he has a tenable federal claim for relief. **Any amended complaint will operate as a complete substitute for all previously filed complaints; plaintiff's previous complaints will not be considered**.

**B.     Defendants**

Plaintiff's amended complaint names the following defendants:  Sgt. Michael Allen, Sgt. Schneider, Major Hyatt, Captain Cline, Director W. Higgs, Deputy Prosecuting Attorney Joseph Marchesano, and King County.  In its Order Declining Service with Leave to Amend, the Court cautioned that plaintiff must allege, if he can do so in good faith, that each supervisory official named as a defendant was aware of the alleged widespread abuses, but with deliberate indifference to plaintiff's constitutional rights failed to take action to prevent further harm to plaintiff.  Dkt. 5 at 3 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978)).  The Court further cautioned that these claims must be supported by fact.  *Id.* Plaintiff's claim with respect to supervisory officials Sgt. Schneider and Director W. Higgs fails to meet these standards.  Though plaintiff asserts these individuals were "aware" of the policies of "intercepting, opening, copying, and distributing to third parties" prisoners' outgoing mail and that they generally "failed to take action," plaintiff omits any factual support showing these individuals had specific involvement in or knowledge of the claim at issue here.  Dkt 15 at 5, 7.

| | |
|---|---|
| 1 | The Court also advised plaintiff that any claims against King County must demonstrate, |
| 2 | by alleging facts, that an alleged constitutional deprivation was the product of a County policy or |
| 3 | custom. Dkt. 5 at 4 (citing *Monell*, 436 U.S. 658, 690-91). Plaintiff's amended complaint again |
| 4 | contains only conclusory allegations, deprived of facts. Dkt. 15 at 8-9. Plaintiff's allegations |
| 5 | against Major Hyatt suffer similar deficiencies. Indeed, plaintiff offers no facts suggesting |
| 6 | Major Hyatt even had any knowledge his mail was being inspected, must less that he personally |
| 7 | participated in such inspection. Dkt. 15 at 5. Accordingly, plaintiff has failed to affirmatively |
| 8 | link the conduct of these named defendants with the specific injury contends he suffered. The |
| 9 | Court therefore recommends Sgt. Schneider, Major Hyatt, Director W. Higgs, and King County |
| 10 | be **DISMISSED** from this lawsuit. However, the Court finds plaintiff has stated facts sufficient |
| 11 | to state a claim against defendants Sgt. Michael Allen, Captain Cline, and Deputy Prosecuting |
| 12 | Attorney Joseph Marchesano. Dkt. 15. Accordingly, the Court further recommends that |
| 13 | plaintiff's single remaining claim, discussed above, be **SERVED** on these defendants. |

### OBJECTIONS AND APPEAL

15  This Report and Recommendation is not an appealable order. Therefore a notice of
16  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
17  assigned District Judge enters a judgment in the case.

18  Objections, however, may be filed and served upon all parties no later than **May 12,**
19  **2017.** The Clerk should note the matter for **May 15, 2017**, as ready for the District Judge's
20  consideration if no objection is filed. If objections are filed, any response is due within 14 days
21  after being served with the objections. A party filing an objection must note the matter for the
22  Court's consideration 14 days from the date the objection is filed and served. The matter will

1  then be ready for the Court's consideration on the date the response is due.  Objections and

2  responses shall not exceed 8 pages.  The failure to timely object may affect the right to appeal.

3  DATED this 21st day of April, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6