UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE PATRICK JOHNSON,<br><br>                  Plaintiff,<br>v.<br><br>MICHAEL ALLEN, et al.,<br><br>                  Defendants. | CASE NO. C17-0389JLR<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

## I. INTRODUCTION

Before the court is Plaintiff Lee Patrick Johnson's motion to appoint counsel. (Mot. (Dkt. # 18).) Mr. Johnson is proceeding *pro se* and *in forma pauperis* ("IFP"). (*See* Am. Compl. (Dkt. # 15); IFP Order (Dkt. # 3).) The court has considered Mr. Johnson's motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Johnson's motion for the reasons set forth below.

---

[1] Mr. Johnson did not request oral argument, and the court determines that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II. BACKGROUND & ANALYSIS

Mr. Johnson filed this suit on March 10, 2017. (*See* IFP Mot. (Dkt. # 1).) Mr. Johnson brings constitutional claims under 42 U.S.C. § 1983 against Defendants Sergeant Michael Allen, Sergeant Schneider, Major Hyatt, Captain Cline, Director W. Higgs, Deputy Prosecuting Attorney Joseph Marchesano, and King County (collectively, "Defendants") for allegedly mishandling Mr. Johnson's mail.[2] (*See generally* Am. Compl. at 3-12.) Mr. Johnson requests court-appointed counsel pursuant to 28 U.S.C. § 1915(e)(1) because (1) he is "unable to afford counsel," (2) "[t]he issues involved in this case are complex [and] will require significant research and investigation," (3) his "case is against defendants that almost certainly have a higher education" than Mr. Johnson and "an attorney would be better at articulating [his] claims in light of the complexity of the legal issues," (4) he "cannot afford to purchase legal reference material," and (5) "counsel would better enable [Mr. Johnson] to present evidence and cross examine witnesses" at trial. (Mot. at 1-2.) The court now addresses Mr. Johnson's motion.

A district court has "discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The court may only do so, however, in "exceptional circumstances." *Wilborn*, 789 F.2d at 1331; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103

---

[2] Specifically, Mr. Johnson alleges violations of the First, Fourth, Fifth, and Fourteenth Amendments. (*See* Am. Compl. at 3-8.)

(9th Cir. 2004). The court may find exceptional circumstances after evaluating "the likelihood of success on the merits" and "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. The court must analyze both of these factors before deciding whether to appoint counsel under Section 1915(e)(1). *See id.* The plaintiff seeking counsel bears the burden of demonstrating exceptional circumstances. *Brogdon v. City of Phoenix Police Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

Mr. Johnson makes no argument as to the likelihood of success on the merits of his claims (*see generally* Mot.), and the court therefore cannot conclude that Mr. Johnson is likely to succeed on the merits. Because Mr. Johnson provides no evidence of his likelihood of success at trial, he fails to satisfy the first factor of the test. *Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016).

Even if Mr. Johnson were likely to succeed on the merits of his claims, however, Mr. Johnson fails to demonstrate that any difficulty he will experience in attempting to litigate his case stems "from the complexity of the issues involved." *Wilborn*, 789 F.2d at 1331; (*see* Mot. at 1 (stating only that "[t]he issues involved in this case are complex" and that "an attorney would be better at articulating my claims in light of the complexity of the legal issues").) Indeed, the constitutional claims that Mr. Johnson alleges appear to be relatively straightforward. (*See* Am. Compl. at 3-8 (alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments).) That Mr. Johnson might find "it difficult to articulate his claims *pro se*" is insufficient to demonstrate that his case involves complex legal issues. *Wilborn*, 789 F.2d at 1331; *see also Garcia v. C.D.C.R.*, No. 12cv1084

IEG (KSC), 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013) (noting that exceptional circumstances are not shown even where there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel"). Accordingly, Mr. Johnson fails to meet his burden of establishing exceptional circumstances that warrant the appointment of counsel.[3] *See Wilborn*, 789 F.2d at 1331; *Brogdon*, 2013 WL 3155116, at *1.

## III. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Johnson's motion to appoint counsel (Dkt. # 18).

Dated this 16th day of May, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[3] Mr. Johnson may access materials to assist *pro se* litigants on the Western District of Washington's website. *See Representing Yourself ("Pro Se")*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/representing-yourself-pro-se; *E-Pro Se*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/pro-se/e-pro-se.